**Patricia A. CINQUE, Plaintiff,**

v.

**WHITMAN'S CHOCOLATES and Bakery and Confectionery Workers International Union of America Local 6, Defendants.**

**Civ. A. No. 82–2299.**

United States District Court, E.D. of Pennsylvania.

April 2, 1984.

8

Affirmed, 3d Cir., 755 F.2d 917.

Harry C. Citrino, Philadelphia, Pa., for plaintiff.

Thomas Langenberg, St. Louis, Mo., Mark D. Terstsky, Norristown, Pa., for Whitman's Chocolates.

Warren J. Borish, Meranze, Katz, Spear & Wilderman, Philadelphia, Pa., for Local 6.

## ORDER

DITTER, District Judge.

AND NOW, this 22nd day of March, 1984, the summary judgment motions of both defendants are granted. Plaintiff brought this action under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185. Whitman's is alleged to have wrongfully discharged plaintiff and the union is alleged to have breached its duty of fair representation. Both defendants have moved for summary judgment on the basis that plaintiff's claims are barred by the applicable statute of limitations.

All claims brought under Section 301(a) of the Labor Management Relations Act must be brought within six months after exhaustion of internal union procedures. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Exhaustion is deemed to occur "when it becomes clear that further internal [union] appeals would be futile." *Scott v. International Brotherhood of Teamsters*, 725 F.2d 226, 229 (3d Cir.1983). This six month statute of limitations may be applied retroactively. *Id.* at 228–29.

In this case the complained of conduct culminated with the union, through its agent David Goodwin, refusing to file a grievance on plaintiff's behalf. This occurred on March 30, 1980. (*See* "Brief on

behalf of Plaintiff" at 4–5). Even accepting plaintiff's conclusory allegation that counsel for the union was contacted "during the latter part of 1980" but refused to respond after representing that an agreement would be worked out, (*see* Complaint ¶¶ 21 & 22), it should have been obvious by early 1981 that the union was not taking further action. Because the suit was not filed until May 4, 1982, over six months elapsed after it became obvious that further union appeals would be futile. For this reason plaintiff's claim is time barred. *DelCostello, supra.*